On September 11, 1996, the Tuscarawas County Grand Jury indicted appellant, Leonard Anderson, on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). Said charge arose from an incident with a girl age nine, with a mental age of three and a half.
A jury trial commenced on April 10, 1997. The jury found appellant guilty as charged. On April 14, 1997, appellant filed a motion for judgment of acquittal. By judgment entry filed April 29, 1997, the trial court denied said motion. A hearing on appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950, was held on October 8, 1997. By judgment entry filed October 9, 1997, the trial court sentenced appellant to a definite term of twenty-four months in prison and deemed appellant a "sexual predator."
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO RESOLVE THE ADMISSIBILITY OF PROPOSED EVIDENCE DAYS BEFORE TRIAL.
II
 PREJUDICIAL ERROR WAS COMMITTED BY THE ADMISSION OF OTHER ACTS TESTIMONY IN VIOLATION OF R.C. 2945.59, EVIDENCE RULE 404(B), AND MR. ANDERSON'S RIGHTS UNDER ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
III
 THE TRIAL COURT COMMITTED ERROR BY OVERRULING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL.
IV
 THE TRIAL COURT COMMITTED ERROR IN FINDING THE DEFENDANT A SEXUAL PREDATOR FOR THE REASON THAT THE STATUTE IS UNCONSTITUTIONAL AND SECONDLY EVIDENCE IS NOT SUFFICIENT TO SUSTAIN SAID JUDGMENT.
 I, II
In these two assignments of error, appellant challenges the trial court's admission of "other acts" evidence. Specifically, appellant claims the trial court was untimely in its decision to admit the evidence, the decision was in error and the state had failed to disclose the witness as to the "other acts" testimony pursuant to Crim.R. 16.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 UNTIMELY DECISION
On March 26, 1997, the state filed a notice of its intention to introduce "other acts" evidence as provided in R.C. 2945.59. Because the evidence involved a previous sex offense, the state requested a hearing three days prior to trial in accordance with R.C. 2907.05(E):
 (E) Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial.
As the record and transcript indicate, the matter was heard on April 7, 1997, three days prior to trial. The trial court did not make an immediate ruling but instead took the matter under advisement. On the morning of trial, the trial court granted the state's motion to present "other acts" evidence. T. at 4-5. Appellant's trial counsel did not object to this procedure until after the trial court's ruling. T. at 5. We note there is no transcript of the hearing save a handwritten note which is unsigned and not time stamped by the Clerk of Courts. See, Note dated April 7, 1997 between Items 20 and 21 in file.
Upon review, we fail to find the trial court's delay in ruling resulted in any prejudice to appellant. After the ruling, no continuance of the trial was requested by appellant's trial counsel. Further, the statute is permissive because it allows the matter to be resolved during the trial for "good cause." The trial court did not err in ruling the morning of trial.
 DECISION IN ERROR
Pursuant to R.C. 2945.59 and Evid.R. 404(B), testimony of "other acts" is permitted:
§ 2945.59 Proof of defendant's motive.
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
 Evid R 404. CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS; OTHER CRIMES
 (B) Other crimes, wrongs or acts
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Because there is no transcript of the hearing, we must resolve this issue based upon the evidence presented at trial.
At trial, the victim's mother, Brenda Sue Shroyer, testified she observed appellant "half kneeling" with her daughter sitting on his lap. T. at 173. Ms. Shroyer observed appellant "rubbing her high inside thigh to where he was touching her groin area." T. at 173-174. Deputy Sheriff Mary Chenevey testified appellant stated he was merely hugging the victim and at no point in time did he ever have the victim on his lap or knee. T. at 209. The state presented a stipulated judgment entry of appellant's previous conviction for gross sexual imposition committed in 1992 (Case No. 92CR070164). T. at 240. The state also presented the testimony of the victim's step-father therein, Pierre Deskins. Mr. Deskins testified appellant had touched his then six year old daughter in a manner very similar to the act claimed sub judice. Mr. Deskins observed appellant kneeling down with his hands between his daughter's legs at her shorts, asking her " 'Has anybody ever done to you before, and how does this feel?' " T. at 237-238.
Not only were the acts similar, but both victims were children of tender years. Given the fact appellant claimed he was merely hugging the victim, the "other acts" evidence established motive, scheme and absence of mistake or accident on behalf of appellant.[1] The trial court did not err in permitting the evidence.
 CRIM.R. 16
Appellant claims the state failed to include Mr. Deskins's name on the discovery list in violation of Crim.R. 16. The state concedes this point, but argues appellant knew the "other acts" evidence concerned the 1992 conviction wherein Mr. Deskins was a witness. In addition, in its March 26, 1997 motion, the state concluded its motion by stating "[t]he State simply plans to elicit testimony of the father of the 1992 victim in order to elicit testimony which is permissible under Ohio Revised Code Section 2945.59." Under Crim.R. 16(E)(3), the trial court is vested with broad discretion in ruling on discovery violations:
 (3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such order as it deems just under the circumstances.
Because the trial court permitted the "other acts" evidence via the 1992 judgment entry of conviction, we find no abuse of discretion nor prejudice to appellant in permitting Mr. Deskins's testimony.
Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in not granting his motion for acquittal based upon the sole testimony of Ms. Shroyer and the state's failure to establish that appellant's actions were done for the purpose of sexual arousal or gratification. We disagree.
Crim.R. 29 governs motions for acquittal and states as follows:
 (A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
Ms. Shroyer testified as follows:
 Q At some point did your attention get directed back into the kitchen area?
 A Yeah. I was — I was concerned that, you know, she'd been gone for some time and when I noticed — when I looked to the right and I could see I had noticed that just by chance it was shocking but he was rubbing her high inside thigh to where he was touching her groin area.
Q With what hand? Right, left hand?
A With his right hand.
Q Okay.
 A Cause his left hand was still supporting her back. She weighs about 85 pounds so she can be pretty heavy.
Q What's Stacy wearing that evening?
 A She had a shorts and top outfit on. It was pretty warm that day.
Q How long did you watch this go on?
A For about fifteen seconds.
Q Why fifteen seconds?
 A Well, it was kind of like shocking. I didn't know what to expect at first and I kind of looked like a double take and then looked again just to make sure that I was seeing what I was seeing and then I immediately called her name.
T. at 174-175.
Ms. Shroyer also testified although other people were present in the kitchen, they could not have seen what she saw because their backs were turned away. T. at 176.
Once the evidence sets forth sexual touching, the matter of whether it was done by accident or mistake or for sexual arousal or gratification becomes a question for the trier of fact. The evidence of a prior incident which was strikingly similar to the incident sub judice established the question of purpose to be determined by the trier of fact.
Although not assigned as specific error, appellant claims the trial court's replaying to the jury of the trial court's questioning of Ms. Shroyer on the issue of appellant's sexual arousal was incorrect. The trial court specifically questioned Ms. Shroyer on her observations of appellant's sexual arousal but she could not tell of any. Ms. Shroyer only testified to the inappropriateness of the touching. T. at 196-198, 289-294. Because the exchange with the trial court did not lead to any evidence of sexual arousal on appellant's part, we find the trial court was not incorrect in replaying the tape.
Assignment of Error III is denied.
 IV
Appellant claims the trial court erred in finding appellant to be a "sexual predator" because R.C. 2950.09 is unconstitutional and the evidence was insufficient to warrant such a finding. We disagree.
This court has previously reviewed arguments on the constitutionality of R.C. Chapter 2950 in State v. RoyceAlbaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and State v. FrederickA. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported, and has found the constitutional attack to be without merit.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Because the trial court made the determination of appellant's status at sentencing, the trial court had before it the testimony and evidence from the trial. The victim was a nine year old girl with a mental age of three and a half. This was appellant's second conviction for gross sexual imposition as he had been convicted in 1992 for the same crime against a six year old girl. The trial court found appellant "was likely to engage in the future in one or more sexually oriented offenses." Based upon the facts, the trial court concluded appellant should be classified a "sexual predator" as defined in R.C. 2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Hoffman, J. concur.
--------------------
--------------------
 -------------------- JUDGES
[1] The trial court properly instructed the jury on the use of "other acts" evidence prior to Mr. Deskins's testimony and again during the final jury charge. T. at 230-233, 248.